**Jewel ZAMAN, Petitioner,**

v.

**Alberto GONZALES,[1] Attorney General, et al., Respondents.**

**No. 02–4412–AG.**

United States Court of Appeals, Second Circuit.

Feb. 22, 2006.

Lawrence Spivak, New York, NY, for Petitioner.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto Gonzales is substituted for his predecessor, Attorney General John Ashcroft, as a respondent in this case.

E. Bryan Wilson, Assistant United States Attorney (Gregory R. Miller, United States Attorney, Northern District of Florida, on the brief), Tallahassee, FL, for Respondent.

PRESENT: Hon. WALKER, Chief Judge, Hon. DENNIS JACOBS, and Hon. PIERRE N. LEVAL, Circuit Judges.

## SUMMARY ORDER

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 22nd day of February, two thousand and six,

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of the Board of Immigration Appeals is AFFIRMED IN PART and VACATED IN PART, and that this case be REMANDED for proceedings consistent with this order.

Petitioner Jewel Zaman seeks review of the July 22, 2002 decision of the Board of Immigration Appeals ("BIA") affirming, without opinion, the January 22, 2001 decision of an Immigration Judge ("IJ") denying Zaman's application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"). Where the BIA affirms an IJ's decision without opinion, we review the IJ's decision directly. *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir. 2003).

Zaman testified that after the Bangladesh National Party ("BNP") came to power in February 1991, following the ouster of the Jatiyo Party ("JP"), for which Zaman had performed as a musician, BNP workers, or others acting on their behalf, repeatedly came looking for him. Zaman stated that "[t]hey would threaten my fa-ther that if my father did not tell them about my whereabouts, then they were going to kill me whenever they find me, they are going to do harm to our family, to our business, and to our house." Zaman further testified that in response to a complaint from Zaman's father, the police "say that they will take care of it, . . . but did nothing."

■ The IJ found that Zaman was a "credible witness in support of his requests for relief." However, the IJ determined that Zaman had not suffered past persecution because "the respondent has not alleged any mistreatment or arrests or beatings while he was in Bangladesh." Generally, an IJ's fact-based determination that a petitioner has not experienced past persecution is affirmed if supported by substantial evidence. *Damko v. INS*, 430 F.3d 626, 635–36 (2d Cir.2005). In this case, however, we cannot tell whether the IJ (i) discounted Zaman's testimony about the threats of death and harm, perhaps because she deemed Zaman's testimony exaggerated although generally honest, or because this portion was based on hearsay (attributed to Zaman's father); (ii) believed that as a matter of law such threats could not amount to past persecution; or (iii) simply overlooked Zaman's testimony about the threats. We are "unable adequately to consider whether substantial evidence supports" the IJ's determination that Zaman failed to establish past persecution, in part because we cannot tell whether it was based on factual findings or legal conclusions. *Tian–Yong Chen v. INS*, 359 F.3d 121, 128 (2d Cir. 2004). Accordingly, we remand so that the IJ may explicitly consider the evidence of the threats against Zaman's life, decide whether that evidence is credible, and if so, whether such threats constitute past persecution.

· If the IJ finds that Zaman experienced past persecution, then there will be a presumption that Zaman has a well-founded fear of future persecution and is eligible for asylum. 8 C.F.R. § 208.13(b)(1). There will also be a presumption that his life or freedom would be threatened upon return to Bangladesh, and that he is entitled to withholding of removal. *Id.* § 208.16(b)(1)(i). The government may rebut these presumptions by, among other matters, establishing by a preponderance of the evidence that there has been a fundamental change in circumstances in Bangladesh such that Zaman no longer has a well-founded fear of persecution and his life or freedom would not be in jeopardy upon return to Bangladesh. *See id.* §§ 208.13(b)(1)(i)(A), (ii), 208.16(b)(1)(i)(A), (ii). While the IJ found that circumstances had changed for the better in Bangladesh, the IJ failed to place the burden of proof of this issue on the government, as it would be if the IJ found that the death threats constituted past persecution.

■ On appeal, Zaman has not raised his claim for relief under CAT, and we deem that claim to be abandoned. *See LoSacco v. City of Middletown,* 71 F.3d 88, 92 (2d Cir.1995).

We have considered Zaman's remaining claims and find them to be without merit.

For the foregoing reasons, the decision of the BIA is **AFFIRMED IN PART** and **VACATED IN PART,** and this case is **REMANDED** for proceedings consistent with this order.