**Alba Elizabeth JARAMILLO,**
**Petitioner,**

v.

**Alberto GONZALES, Attorney**
**General, Respondent.**

Nos. 05–2801–ag(L), 05–2803–ag(Con).

United States Court of Appeals,
Second Circuit.

March 15, 2007.

---

Carroll H. Lucht, New Haven, CT (Aarti Khanolkar, law student appearing pursuant to Local Rule 46(e), argued and on the brief), for Petitioner.

Lisa Perkins, Assistant United States Attorney for the District of Connecticut, New Haven, CT (Kevin J. O'Connor, United States Attorney for the District of Connecticut and Douglas P. Morabito, Assistant United States Attorney for the District of Connecticut, on the brief, and

John B. Hughes, Chief, Civil Division, United States Attorney's Office for the District of Connecticut, of counsel), for Respondent.

Present: Hon. JOSEPH M. McLAUGHLIN, Hon. RICHARD C. WESLEY, Circuit Judges, and Hon. WILLIAM K. SESSIONS, III,* District Judge.

## SUMMARY ORDER

Alba Elizabeth Jaramillo and her daughter Sara Jaramillo–Leon, through counsel, petition for review of the BIA decision affirming the decision of an immigration judge ("IJ") denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court ordinarily reviews the BIA's decision, *see Qun Yang v. McElroy,* 277 F.3d 158, 162 (2d Cir.2002), but may review the IJ's decision where the BIA has issued only a short opinion that primarily recounts the IJ's decision, *see Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). However, the Court may not affirm a decision on grounds that were not adopted by the BIA. *See Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). This Court reviews factual findings under the substantial evidence standard, overturning them only if "any reasonable adjudicator would be compelled to conclude to the contrary," *see* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004). The Court

reviews legal conclusions *de novo. See Guan Shan Liao v. U.S. Dep't of Justice,* 293 F.3d 61, 66 (2d Cir.2002).

■ The BIA explicitly stated that the fact that Jaramillo "was stopped at guerilla roadblocks where she was asked to do favors as a result of her position with the government, threatened and insulted" did not constitute past persecution under *Yadegar–Sargis v. INS,* 297 F.3d 596 (7th Cir.2002). In *Yadegar–Sargis,* the Seventh Circuit held that an Iranian Christian woman who was forced to comply with Islamic dress codes, interrogated about a child who had been sent out of Iran, and forced to go to the end of ration lines was not persecuted, as she had not been detained, physically assaulted, or directly physically threatened. 297 F.3d at 602. The Seventh Circuit noted that mere harassment did not equal persecution, pointing out that detention, arrest, interrogation, prosecution, imprisonment, illegal searches, confiscation of property, surveillance, beatings, and torture, were "types of actions that might cross the line from harassment to persecution." *Id.* The BIA has not adequately explained its application of *Yadegar–Sargis* in this case given that Jaramillo was threatened with death and rape. Moreover, the BIA's decision is a misapplication of *Yadegar–Sargis,* which indicated that direct physical threats could constitute past persecution. *See* 297 F.3d at 602. Although persecution must rise above mere harassment, it can include threats to freedom or life, non-life-threatening violence, and physical abuse. *Tian–Yong Chen v. INS,* 359 F.3d 121, 128 (2d Cir.2004). Persecution can take various forms and may include non-physical

---

* The Honorable William K. Sessions III, of the United States District Court of Vermont, sitting by designation.

acts. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 67 (2d Cir.2002) (deliberate imposition of substantial economic disadvantage may constitute persecution); *Islami v. Gonzales*, 412 F.3d 391, 397 (2d Cir.2005) ("fear of retribution for refusing to participate in a military known to perpetrate crimes against humanity ... clearly rose to the level of past persecution."); *accord Zaman v. Gonzales*, 168 Fed.Appx. 470, 472 (2d Cir.2006) (remanding for IJ to "explicitly consider the evidence" of death threats, "decide whether that evidence is credible, and if so, whether such threats constitute past persecution"). The IJ found that Jaramillo's testimony about the direct, repeated threats to her life was credible. In this case, these threats were more than "mere harassment"; they were sufficient to constitute past persecution.

■ The BIA concluded that Jaramillo did not have a well-founded fear of future persecution because she had lived safely in a different part of Colombia for several months and there was no evidence to support her claim that the guerillas would seek her out in a different area. An applicant is not required to provide evidence that she "would be singled out individually for persecution if ... [t]he applicant establishes that there is a pattern or practice [of persecution] in his or her country of nationality ... [and] establishes his or her own inclusion in, and identification with, such group of persons such that his or her fear of persecution upon return is reasonable." 8 C.F.R. § 1208.13(b)(2)(iii). However, "[a]n applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality ... [and] if under all the circumstances it would be reasonable to ex-

pect the applicant to do so." 8 C.F.R. § 1208.13(b)(2)(ii). In making this determination:

> adjudicators should consider ... whether the applicant would face other serious harm in the place of suggested relocation; any ongoing civil strife within the country; administrative, economic, or judicial infrastructure; geographical limitations; and social and cultural constraints, such as age, gender, health, and social and familial ties.

8 C.F.R. § 1208.13(b)(3).

Jaramillo testified that she was informed that the FARC and paramilitaries continued to look for her following her relocation and that her name had been put on a list of wanted individuals. She stated that the FARC and paramilitaries had a presence in Itagui and the background materials indicated that the FARC and paramilitaries are active throughout Colombia, roadblocks are prevalent and frequent, and both suspected collaborators and municipal authorities are often targeted by both groups. Based on the record and given that the well-founded fear standard for asylum is a only a "slight, though discernible chance of persecution," Jaramillo met her burden. *See Diallo v. I.N.S.*, 232 F.3d 279, 284 (2d Cir.2000); 8 C.F.R. § 1208.13(b)(2)(iii); *see also Silva v. Ashcroft*, 394 F.3d 1, 7–8 (1st Cir.2005); *Sepulveda v. United States Attorney Gen.*, 401 F.3d 1226, 1232 n. 7 (11th Cir.2005) (holding that it was unreasonable to expect relocation in Colombia based on the influence of guerilla groups throughout the country).

■ As withholding of removal was denied on the grounds that Jaramillo failed to meet her burden for asylum, the BIA should also review that determination, in

the event asylum is denied on other discretionary grounds. The BIA did not err, however, by denying CAT relief. The CAT "expressly prohibits the United States from returning any person to a country in which it is more likely than not that he or she 'would be in danger of being subjected to torture.'" *Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir.2004); *see also* 8 C.F.R. § 208.16(c)(2) ("The burden of proof is on the applicant for withholding of removal under this paragraph to establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal."). Torture is the "intentional infliction of pain or suffering that is perpetrated or sanctioned by a nation's authorities." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 184 (2d Cir.2004); 8 C.F.R. § 208.18(a)(1). Jaramillo has not claimed that she would be tortured by the Colombian authorities or that the authorities would sanction torture by either the guerillas or the paramilitaries.

For the foregoing reasons, the petition for review is GRANTED, in part, and REMANDED to the BIA, and DENIED, in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.